UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
In re:

MOHAMMAD IMRAN HUSSAIN,

                                Debtor,

Case No.: 1-17-42083-ess

---------------------------------------------------------------------------X
EMPIRE J INC.,

                                Plaintiff,

          -against-

Adversary Proceeding
No.

MOHAMMAD IMRAN HUSSAIN,

                                Defendant.
---------------------------------------------------------------------------X

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE**

Plaintiff –Creditor Empire J Inc. (the "Plaintiff") by his attorneys, Law Offices of Morris Fateha, P.C., as and for its Complaint against Defendant-Debtor Mohammad Imran Hussain (the "Debtor") respectfully shows to this Court and alleges, upon information and belief, as follows:

**JURISDICTION**

1. On April 27, 2017, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

2. On July 13, 2017, the Debtor's duly-noticed meeting of creditors is scheduled to be held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on August 7, 2017.

5. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A) and is seeking a determination as to

the dischargeability of the debt owed by the Debtor to plaintiff under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 727.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8. Plaintiff is a business corporation organized under the laws of the State of New York, is authorized to do business in the State of New York, and maintains its principal office at 55 West 47th Street, Suite 310, New York, New York 10036.

9. Plaintiff is a creditor of the Debtor.

10. Defendant is the Debtor in the above-captioned case and at all relevant times has resided at 1012 Avenue K, Apartment 3J, Brooklyn, New York 11230.

## THE STATE COURT LAWSUIT

11. Prior to October 30, 2015, Defendant, through his company, Arman Jewelers, Inc., became indebted to Plaintiff.

12. In connection with that debt, certain items of jewelry were used as collateral for the debt.

13. Specifically, on or about October 30, 2015, certain items of jewelry detailed in "Memorandum 2172," a copy of which is annexed hereto as **Exhibit A**, were agreed to be collateral. These items included two 22 karat items.

14. Next, on or about November 5, 2015, certain items of jewelry detailed in "Memorandum 2178," a copy of which is annexed hereto as **Exhibit B**, were agreed to be collateral. These items included two 22 karat items.

15. Next, on or about November 12, 2015, certain items of jewelry detailed in "Memorandum 2183," a copy of which is annexed hereto as **Exhibit C**, were agreed to be collateral. These items included two 22 karat items.

16. Finally, on or about November 25, 2015, certain items of jewelry detailed in "Memorandum 2192," a copy of which is annexed hereto as **Exhibit D**, were agreed to be collateral. These items included two 22 karat items.

17. The items listed in the foregoing paragraphs are collectively referred to as the "Collateral."

18. Plaintiff's security interest is evidenced by the four Memoranda annexed as **Exhibits A** through **D**.

19. As of the present time, Defendant has failed, neglected and refused to pay his debt or return the Collateral and, accordingly, Plaintiff was entitled to immediate possession of the Collateral.

20. The actual value of the Collateral transferred by Plaintiff to Defendant equals $205,756.00.

21. Prior to the commencement of the State Court action, Plaintiff duly demanded payment of the debt and possession of the Collateral from Defendant and Defendant failed, refused and neglected to deliver same to Plaintiff. Evidence of this demand, and Defendant's receipt thereof, is contained in the letter annexed hereto as **Exhibit E**, where Defendant admitted the money owed to Plaintiff.

22. Upon information and belief, Defendant caused the Collateral to be melted down and sold to a company named SDS Gold.

23. By virtue of the foregoing acts, conduct and omissions on the part of Defendant, Plaintiff was entitled to damages totaling not less than $205,756.00.

24. To that end, on December 31, 2015, Plaintiff filed an action titled *Empire J Inc. v. Arman Jewelers, Inc., Razaq, Abdul Mohammad, Imran Hussain, Arman Traders, Inc., Arman & Ayan Trading Inc.*, under index number 700000/2016 in the Supreme Court of the State of New York, County of Queens (the "State Court Action"). A copy of the Complaint is annexed hereto as **Exhibit F**.

25. On or about January 14, 2016, Defendant and the other defendants served an Answer to the Complaint, a copy of which is annexed hereto as **Exhibit G**.

26. Before any further progress on the State Court Action took place, Defendant filed this action for bankruptcy.

## COUNT I

### NON-DISCHARGEABILITY OF THE DEBT OWED TO PLAINTIFF UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

27. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 26 of this Complaint as if set forth at length herein.

28. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that: (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-- (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -- (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

29. All or part of the debt owed to Plaintiff, as evidenced by the State Court Action, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

## COUNT II

### NON-DISCHARGEABILITY OF THE DEBT OWED TO PLAINTIFF JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 of this Complaint as if set forth at length herein.

31. Bankruptcy Code § 523(a)(4) provides, in relevant part, that: (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

32. All or part of the debt owed to plaintiff, as evidenced by the State Court Action, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT III

### NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE

33. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 of this Complaint as if set forth at length herein.

34. Bankruptcy Code § 523(a)(6) provides, in relevant part, that: (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

35. All or part of the debt owed to plaintiff, as evidenced by the State Court Action, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

## COUNT IV

### OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(3) OF THE BANKRUPTCY CODE

36. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if set forth at length herein.

37. Bankruptcy Code § § 727(a)(3) provides that: (a) The court shall grant the debtor a discharge, unless . . . (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, andpapers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

38. The Debtor, in his operation of his businesses, including Arman Jewelers, Inc., Arman Traders, Inc. and Arman & Ayan Trading Inc., operated these businesses as his alter egos, seeking to shield himself from personal liability while at the same time using funds of these businesses for personal purposes.

39. The Debtor, in his operation of his various businesses, including Arman Jewelers, Inc., Arman Traders, Inc. and Arman & Ayan Trading Inc., concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

40. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(3).

## COUNT V

### OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

41. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 40 of this Complaint as if set forth at length herein.

42. Bankruptcy Code § 727(a)(4)(A) provides that: (a) The court shall grant the debtor a discharge, unless --- (4) the debtor knowingly and fraudulently, in or in connection with the case -- (A) made a false oath or account.

43. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he represented in the Statement of Financial Affairs attached to his Petition that his income was far less when in fact his actual income was much greater.

44. The debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Statement of Financial Affairs attached to his Petition to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of all businesses in which the Debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade,

profession or other activity either full or part-time within six years immediately preceding the commencement of the case.

45. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

WHEREFORE, plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the State Court Action is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code § § 727(a)(3) and 727(a)(4)(A), and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated:   Brooklyn, New York
         July 31, 2017

          Yours, etc.,

          /S/Morris Fateha

          Morris Fateha, Esq.
          Law Offices of Morris Fateha
          *Attorneys for Plaintiff*
          911 Avenue U
          Brooklyn, New York 11223
          (718) 627-4600

STATE OF NEW YORK      )
                               )   ss.:
COUNTY OF NEW YORK   )

    SAMI JAJATI, being duly sworn, affirms and says that:

    I am the president of Empire J Inc., plaintiff in the within action.  I have read the foregoing **ADVERSARY PROCEEDING COMPLAINT** and know the contents thereof, that the same is true to the best of my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

    The source of deponent's information and the grounds for my belief, as to those matters stated upon information and belief, are my personal investigation of this matter and from records in deponent's file.

Dated: Brooklyn, New York
        August 4, 2017

                                                    /S/ Sami Jajati
                                                    _____
                                                    Sami Jajati, President of Empire J, Inc.